IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JULIA V. CAIN, ) | CIVIL ACTION NO. 9:08-2632-GRA-BM |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on April 19, 2005, alleging disability beginning October 19, 2004 due to back pain and depression. (R.pp. 24-25, 50, 83-86). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 15, 2007. (R.pp. 883-914). The ALJ thereafter denied Plaintiff's claim in a decision issued July 26, 2007. (R.pp. 8-23). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commission. (R.pp.3-6).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that



there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-two (42) years old when

2



she alleges she became disabled has a ninth grade education with past relevant work experience as a dental assistant, dental office manager, cashier, and department store manager. (R.pp. 24-25, 70-71, 89-96, 886-888). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although does Plaintiff suffer from the "severe" impairments of fibromyalgia,[1] degenerative disc disease of the cervical spine, depressive and anxiety disorders, a somatoform disorder,[2] and headaches, and can therefore no longer perform her past relevant work, she nevertheless retained the residual functional capacity to perform a significant range of sedentary work,[3] and is therefore not disabled. (R.pp. 13, 16, 22).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to give proper

---

[1] Fibromyalgia is a chronic condition recognized by the American College of Rheumatology (ACR) characterized by inflammation of the fibrous and connective tissue, causing long-term but variable levels of muscle and joint pain, stiffness, and fatigue. Diagnosis is usually made after eliminating other conditions, as there are no confirming diagnostic tests. Brosnahan v. Barnhart, 336 F.3d 671, 672 n. 1 (8th Cir. 2003) (citing Jeffrey Larson, Fibromyalgia, in 2 The Gale Encyclopedia of Medicine 1326-27 (Jaqueline L. Longe, et al.eds., 2d ed. 2002)).

[2] A person with a somatoform disorder, formerly known as psychosomatic disorder, experiences physical symptoms of an illness even though a doctor can find no medical cause for the symptoms. http://www.webmd.com/mental-health/mental-health-types-illness

[3] Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).



weight to the opinions of Plaintiff's treating physicians concerning the nature and severity of her impairments, by failing to give proper weight to the medical source opinions of an examining physician, and by relying solely on the Medical-Vocational Guidelines (i.e., The Grids) to direct a finding that Plaintiff is not disabled. After careful review and consideration of the arguments and evidence presented, the undersigned is constrained to agree with the Plaintiff that it was error for the ALJ to rely on the Medical-Vocational Guidelines to direct a finding of not disabled in this case, and that a remand is therefore required in order to obtain vocational expert (VE) testimony.

Because the ALJ determined that Plaintiff is unable to perform her past relevant work, the burden shifted to the Commissioner to show that other jobs exist in significant numbers which Plaintiff could perform. Pass v. Chater, 65 F.3d 1200, 1201-1203 (4th Cir. 1995). In appropriate circumstances, the ALJ can meet this burden by using the "Grids" to direct a finding that a claimant is not disabled. See Hays, 907 F.2d at 1458 [affirming denial of benefits to claimant where the Medical-Vocational Guidelines directed a finding of not disabled]. However, the Grids do not apply to a claimant who suffers from severe non-exertional impairments, or who cannot perform the full range of work activity within a Grid category. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); see 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h). An impairment is "severe" if it *significantly* limits a claimants physical or mental ability to do basic work activities; 20 C.F.R. § 404.1521(a); See Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987); and the ALJ found that Plaintiff's fibromyalgia, depressive disorder, anxiety disorder, somatoform disorder, and headaches were all severe non-exertional impairments. (R.p. 13). The ALJ further found that Plaintiff's impairments resulted in a mild to moderate restriction in her activities of daily living, moderate difficulties in social functioning, and mild to moderate difficulties with regard to her concentration, persistence or pace.

4



(R.p. 15).

Notwithstanding these findings, however, the ALJ found that these limitations had little or no effect on the occupational base of unskilled sedentary work, and that Plaintiff's additional limitation of not being able to have continuous interaction with the public had only a slight effect on the unskilled occupational base. (R.p. 23). These findings constitute reversible error. The Grids do not apply to a claimant who suffers from the types of severe non-exertional impairments found by the ALJ to exist in this case. Walker, 889 F.2d at 49. While it is true that the Grids may still be used to direct a finding of not disabled where non-exertional impairments, even severe, do not significantly reduce a claimant's occupational base; see Ortiz v. Secretary of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) ["If a non-strength impairment, even though considered significant, has the effect only of reducing [the] occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability."]; see also Gentry v. Secretary, No. 85-5751, 1986 WL 17763 at **1-2 (6th Cir. 1986) [In a case where the impairments included migraine headaches, the court held that "[n]on-exertional limitations preclude use of the grid only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level."]; cf. Guyton v. Apfel, 20 F.Supp.2d 156, 163 (D.Mass. 1998)[discussing reliance on Grids where non-exertional limitations were found to not significantly effect claimant's ability to engage in substantial gainful activity]; Egleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988) [presence of non-exertional limitations does not preclude use of the Grids if non-exertional limitations do not further limit the claimant's ability to perform work]; such a conclusion is not justified in this case. In addition to finding that Plaintiff's fibromyalgia was a severe impairment, thereby *significantly* limiting Plaintiff's physical or mental ability to do basic work activities, the ALJ further found that



5

Plaintiff's mental impairments has resulted in *moderate* difficulties in social functioning, as well as mild to *moderate* restrictions in her activities of daily living, and in maintaining concentration, persistence or pace. These limitations would obviously affect the occupational base for unskilled sedentary work, precluding reliance on the Grids to direct a finding of not disabled. Cf. Bonds v. Astrue, No. 07-1135, 2008 WL 2952446, at * 11-12 (D.S.C. July 29, 2008)[Whether Plaintiff's moderate impairment in the area of concentration, persistence and pace eroded the occupational base and to what degree it was eroded was a determination for a vocational expert]; Chapa v. Astrue, No. 05-253, 2008 WL 952947, at * 6 (N.D.T. Apr. 8 2008)[Case reversed where ALJ applied Grids to direct a finding of not disabled, instead of obtaining vocational expert testimony, where claimant had moderate impairment in the area of concentration, persistence and pace]; Millhouse v. Astrue, No. 08-378, 2009 WL 763740, at * 4 (M.D.F. Mar. 23, 2009)[Use of Grids to direct a find of not disabled improper where ALJ has found that Plaintiff has a severe impairment of depression, which means that it significantly affects the Plaintiff's ability to work].

While it may be that a vocational expert will be able to identify unskilled sedentary jobs which Plaintiff could perform with her limitations, it was nevertheless improper for the ALJ to use the Grids to direct a finding of not disabled after he had found that she had severe non-exertional impairments, including mild to moderate limitations in social functioning and with regard to concentration, persistence or pace. Bonds, 2008 WL 2952446, at * 11. Therefore, remand is required so that a vocational expert can be called to address this issue in response to a proper hypothetical which includes all the Plaintiff's impairments. Fenton v. Apfel, 149 F.3d 907, 910 (8th Cir. 1998) ["The Secretary is required to produce vocational expert testimony concerning availability of jobs which a person with a claimant's particular characteristics can perform, if...he or she is precluded



from performing a full range of a particular work classification...."][4].

### Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of obtaining vocational expert testimony to establish whether the Plaintiff can perform other work with her exertional and non-exertional limitations, and for such further administrative action as may be necessary or appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

_____
Bristow Marchant
United States Magistrate Judge

October 13, 2009
Charleston, South Carolina

---

[4]With respect to Plaintiff's claims of error in the ALJ's evaluation of her physician's opinions, on remand the ALJ will be able to reconsider and re-evaluate this evidence as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp. 2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

