UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Julia V. Cain, | ) | C/A No.: 9:08-2632-GRA |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court to issue a final order on Magistrate Judge Marchant's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., issued on October 13, 2009. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision to deny disability benefits. The magistrate recommends that the Commissioner's decision be reversed and the case be remanded to the Commissioner.

**Background**

Plaintiff filed an application for Disability Insurance Benefits on April 19, 2005 alleging that back pain and depression left her disabled since October 19, 2004. Plaintiff's claim was denied. Following a hearing, the administrative law judge (ALJ) found, on July 26, 2007, that Plaintiff was not disabled and denied the claim. The

ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for

adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Neither party filed objections to the magistrate's Report and Recommendation.

## Conclusion

After a thorough review of the record, and Report and Recommendation, this Court finds that the magistrate's Report and Recommendation applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

It is therefore ORDERED that the Commissioner's decision is REVERSED and the case is REMANDED for the purpose of obtaining vocational expert testimony to establish whether Plaintiff can perform other work with her exertional and non-exertional limitations, and for such further administrative action as may be necessary or appropriate.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina.
November  2 , 2009.